# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) ) ) | Chapter 11 |
| POPE & TALBOT, INC., et al., | ) ) ) | Case Nos. 07-11738 (CSS) |
| Debtors. | ) ) ) ) ) | Jointly Administered |

**DECLARATION OF GARY KAPLAN IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL BANKRUPTCY RULE 2014-1 FOR ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP AS COUNSEL *NUNC PRO TUNC* TO NOVEMBER 28, 2007**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

GARY KAPLAN, being duly sworn, deposes and declares under the penalty of perjury:

1. I am an attorney duly admitted and in good standing to practice before the United States District Court for the Southern District of New York, am admitted to practice before this Court *pro hac vice* by order granted by this Court on November 21, 2007, and am a member of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, a limited liability partnership ("Fried Frank"). My firm maintains offices for the practice of law at One New York Plaza, New York, New York 10004, and other locations. I submit this declaration (the "Declaration") in connection with the application of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Pope & Talbot, Inc., et al. (collectively, the "Debtors"),[1] to retain Fried Frank as their attorneys

---

[1] In addition to Pope & Talbot, Inc., the Debtors in these cases include: Pope & Talbot Ltd., Penn Timber, Inc., Pope & Talbot Lumber Sales, Inc., Pope & Talbot Pulp Sales U.S., Inc., Pope & Talbot Relocation

in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), *nunc pro tunc* to November 28, 2007, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2014-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.    On November 19, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On November 28, 2007 (the "Committee Formation Date"), the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed the Creditors' Committee, which consists of the following members: McDonnell Investment Management, LLC, Winthrop Resources Corporation, New Generation Advisers, The Bank of New York Trust Company, N.A. and United Steelworkers. On the Committee Formation Date, Fried Frank was retained by the Creditors' Committee as attorneys for the Creditors' Committee. The Creditors' Committee also retained Blank Rome LLP ("Blank Rome") as co-counsel for the Creditors' Committee.

3.    To ascertain Fried Frank's "connections," as that term is used in Bankruptcy Rule 2014, Fried Frank's accounting department produced a computer printout listing all of Fried Frank's active clients (the "Client List"). Fried Frank obtained from the Debtors' counsel a list of the Debtors, the Debtors' affiliates and non-debtor subsidiaries, counsel and professionals, current and former officers and directors, significant lenders and lienholders, insurers, professionals, parties to litigation and their counsel, holders of 5% or more of any outstanding equity securities, indenture trustees, counterparties to major leases and major contracts, major customers – top 50 accounts

---

Services, Inc., Pope & Talbot Spearfish Ltd. Partnership, P&T Finance Three LLC, P&T Power Company, Mackenzie Pulp Land Ltd., P&T Factoring Limited Partnership, P&T Finance One Limited Partnership, P&T Finance Two Limited Partnership, P&T Funding Ltd. and P&T LFP Investment Limited Partnership.

receivable, top 40 accounts payable, letter of credit issuers and beneficiaries, secured financial creditors, unions representing the Debtors' employees, joint venture partners, all environmental protection agencies that may have jurisdiction over any of the Debtors' properties, products and waste items, all utilities or providers of energy to the Debtors, and all applicable taxing authorities (collectively, the "Debtors' Conflict List"). Fried Frank also obtained from Debtors' counsel a copy of the Debtors' creditor matrix. Fried Frank then reviewed the Client List to determine, among other things, whether Fried Frank currently represents any of the parties on the Debtors' Conflict List or any creditor on the Debtors' creditor matrix. Moreover, to determine whether any creditors were former clients and to supplement the review of Fried Frank's current Client List, an inquiry memorandum was provided to Fried Frank's accounting and records department for a detailed review of the firm's records to determine whether Fried Frank represented any of the entities listed on the Debtors' Conflicts List or any party on the Debtors' creditors matrix.[2]

4.   Based upon our results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof), Fried Frank, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Creditors' Committee or the Debtors' estates, and is a "disinterested person" as that term is defined in sections 101(14) and used in 328(c) (as limited by section 1107(b)) of the Bankruptcy Code). If at any time, I become aware of any additional connections, I will supplement this Declaration.

5.   Disclosure with respect to any "connections" Fried Frank has or has had with the members of the Creditors' Committee, the Debtors, their creditors, or any other parties in interest, any of their respective attorneys and accountants, the United

---

[2]   Out of an abundance of caution, Fried Frank also endeavored to determine whether any individual Fried Frank attorneys have any connections with the Debtors or any party-in-interest. Fried Frank, therefore, distributed to all Fried Frank attorneys an inquiry memorandum which (i) listed those entities comprising the Debtors' Conflicts List, and (ii) inquired as to all of the matters that could constitute "connections" within the meaning of Bankruptcy Rule 2014.

- 3 -

States Trustee or any employee of that office, insofar as I know or have been able to ascertain after reasonable inquiry, is set forth below:

 (a) Since August 2007 and continuing after the Petition Date until the Committee Formation Date, Fried Frank acted as attorneys for an unofficial ad hoc committee (the "Ad Hoc Committee")[3] of holders of the Debtors' outstanding 8 ⅜% Senior Notes due 2013 and 8 ⅜% Debentures due 2013 (the "Notes"). Blank Rome acted as co-counsel for the Ad Hoc Committee. Fried Frank actively represented the Ad Hoc Committee before the Petition Date and during the Debtors' Chapter 11 Cases until the Committee Formation Date. In connection with Fried Frank's representation of the Ad Hoc Committee between the Petition Date and November 28, 2007, Fried Frank represented the Ad Hoc Committee with regard to the Debtors' "first day motions" and made an appearance before this Court with regard to such motions.

 (b) At various points from 1997 until August 2006, Fried Frank represented the Debtors and certain of the Debtors' affiliates with regard to various specific corporate transactions unrelated to the Debtors' Chapter 11 Cases. These representations included the sale in 1998 of the Debtors' consumer tissue business and a potential sale of the Debtors' pulp business in early 2006. Fried Frank's representation of the Debtors and their affiliates terminated

---

[3] The members of the Ad Hoc Committee included: McDonnell Investment Management, LLC, Concordia Advisors LLC ("Concordia") and MFC Global Investment Management (U.S.), LLC. On information and belief, Concordia is generally responsible for trading and investing for Concordia Distressed Debt Fund, L.P. (the "Fund"), a pre- and post-petition lender to the Debtors. As noted on Exhibit 1, Fried Frank currently represents Concordia with regard to other matters unrelated to the Debtors' cases. Fried Frank has not represented Concordia or the Fund individually in connection with the Debtors or these cases.

in August of 2006 and Fried Frank has not represented them since that time. Fried Frank's prior representation of the Debtors does not in any way limit Fried Frank's ability to represent the Committee.

(c) Fried Frank has previously represented Wells Fargo Bank, National Association ("Wells Fargo, N.A.") and certain affiliates in matters wholly unrelated to the Debtors and the Chapter 11 Cases. Wells Fargo Financial Corporation Canada, an affiliate of Wells Fargo, N.A. which Fried Frank has not previously represented, is the administrative agent under the Debtors' pre-petition credit facility and the administrative agent under the Debtors' post-petition DIP facility. In addition, a Fried Frank associate was previously involved in the representation of Wells Fargo, N.A. at his prior law firm in matters wholly unrelated to the Debtors.

(d) Fried Frank has represented and continues to represent Banc of America Leasing & Capital, LLC, Bank of America, N.A., The CIT Group, Concordia Advisors, L.L.C., Fortress Investment Group, General Electric Capital Corporation, General Electric Commercial Finance Business Property, HBK Master Fund L.P., Lehman Brothers, Lehman Commercial Paper Inc. and U.S. Bank National Association ("U.S. Bank"), lenders and lienholders of the Debtors, in matters wholly unrelated to the Debtors and the Chapter 11 Cases. In addition, a Fried Frank associate was previously involved in the representation of U.S. Bank at his prior law firm in matters wholly unrelated to the Debtors.

(e) Fried Frank has represented and continues to represent KPMG LLP, the Debtors' auditor, in matters wholly unrelated to the

    Debtors and the Chapter 11 Cases. In addition, KPMG performs certain consulting work for Fried Frank.

(f) A Fried Frank partner was previously a partner at Latham & Watkins, one of the Debtors' professionals.

(g) Partners, Member Corporations (as defined below), attorneys who are "of counsel," special counsel and/or associates of Fried Frank own stock or debt securities in creditors and/or equity security holders (or their affiliates) of the Debtors or other parties in interest, including the following:

  (i) AT&T
  (ii) Bank of America, N.A.
  (iii) General Electric Corp.
  (iv) IBM Corporation
  (v) Microsoft
  (vi) Proctor & Gamble
  (vii) Time Warner Inc.
  (viii) U.S. Bank

However, I have been advised that none of these individuals owns sufficient stock or debt of any such creditor, debt or equity security holder or party-in-interest to influence its affairs in any way, and that the value or the ability to dispose of such stock or debt would not be affected in any discernable way by any event in the Chapter 11 Cases.

6. In addition to the above, I, Fried Frank, its partners (including members of the firm who are the designate attorneys of professional corporations ("Member Corporations")), attorneys who are "of counsel" and "special counsel" to Fried Frank, and associates of Fried Frank:

(i) have represented in the past and/or now represent and may in the future represent -- in each case in matters wholly unrelated to the Debtors and these Chapter 11 Cases -- creditors and/or equity security holders (or their affiliates) of the Debtors (or their affiliates), including the entities listed on Exhibit 1 attached to this Declaration;

(ii) had, or have, dealings (other than representations) -- again, in matters wholly unrelated to the Creditors' Committee, the Debtors and these Chapter 11 Cases -- with creditors and/or equity security holders (or their affiliates) of the Debtors (or their affiliates), including the entities listed on Exhibit 2 attached to this Declaration; and

(iii) may have appeared in other cases unrelated to these Chapter 11 Cases where the members of the Creditors' Committee, the Debtors, their creditors, equity security holders or other parties in interest (or their affiliates), including the entities listed on Exhibit 3 attached to this Declaration, were involved where such matters were wholly unrelated to this case.

7. Fried Frank has represented and currently represents both official and unofficial committees of unsecured creditors and noteholders of various companies in matters wholly unrelated to the Debtors and the Chapter 11 Cases. Certain of the members of the Creditors' Committee and certain of the Debtors' creditors and equity holders may have been members of such committees.

8. To the best of my knowledge, information and belief, there are no other instances in which Fried Frank has, has had, or might be deemed to have or have had "connections" with the Creditors' Committee, the Debtors, their creditors, their equity security holders or other parties in interest. None of the "connections" disclosed above, in my view, affects Fried Frank's disinterestedness, nor is likely to do so in the future.

9.  Given the size and complexity of the Debtors' businesses, and the number of parties in interest in these cases, it is possible that Fried Frank, despite reasonable efforts to discover connections as described above, has other connections with creditors, debt and equity security holders or parties in interest not listed on Exhibits 1, 2 and 3, or otherwise disclosed in this Declaration. I am not aware, however, of any connections not disclosed, and I am confident that if there were any such other connections, they were unrelated to these Chapter 11 Cases, and would have no effect on our representation. If I become aware of any additional connections, I will promptly supplement this Declaration.

10. Subject to this Court's approval, Fried Frank will charge the Creditors' Committee for its legal services on an hourly basis in accordance with its ordinary and customary rates for Bankruptcy Court authorized engagements in effect on the date services are rendered, and submits that such rates are reasonable. In the normal course of business, Fried Frank revises its hourly rates from time to time. Set forth below are the current base hourly rates that Fried Frank presently charges for the legal services of its professionals:

| | |
|---|---|
| Partners | $685 - $995 per hour |
| Of Counsel | $580 - $895 per hour |
| Special Counsel | $625 - $745 per hour |
| Associates | $340 - $650 per hour |
| Legal Assistants | $170 - $250 per hour |

Because the fees: (a) are based on hourly rates and will correspond to the degree of effort expended on the Creditors' Committee's behalf; and (b) are Fried Frank's usual and customary rates for services of this nature, I believe that these rates, and the terms and conditions of Fried Frank's employment, are reasonable.

11. The Fried Frank bankruptcy and restructuring attorneys and legal assistants that will perform services in the Chapter 11 Cases and the hourly rates

attributable to their work for the Creditors' Committee, effective as of the date of this Declaration, include:

| | | |
|---|---|---|
| Brad Eric Scheler | (Partner since 1984; Law School Class of 1977) | $995 |
| Gary L. Kaplan | (Partner since 2005; Law School Class of 1997) | $685 |
| Brian Pfeiffer | (Partner since 2007; Law School Class of 1999) | $685 |
| Craig M. Price | (Associate, Class of 2000) | $565 |
| Peter Siroka | (Associate, Class of 2006) | $395 |
| Michael Birnbaum | (Legal Assistant) | $195 |

12. As these Chapter 11 Cases proceed, I anticipate that additional Fried Frank partners, "of counsel," "special counsel," associates and legal assistants will be assigned to work on these cases. It is also likely that Fried Frank's representation of the Creditors' Committee will require the active participation of attorneys from other Fried Frank departments, in addition to the bankruptcy and restructuring lawyers assigned to the Chapter 11 Cases and listed above. To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to these areas and/or the matters involved will be assigned to the Chapter 11 Cases so that duplication of effort is avoided. Consistent with the ranges of hourly rates described above, the hourly rates of the other Fried Frank partners, "of counsel," "special counsel," associates and legal assistants that hereafter may act for the Creditors' Committee may be higher or lower than those of the persons listed above.

13. In addition to the hourly rates set forth above, Fried Frank customarily charges its clients for all ancillary services incurred, including photocopying

charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, secretarial overtime and temporary employees, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, document retrieval, and similar items. Fried Frank believes it is fair to charge these expenses to clients incurring them rather than to increase the hourly rates and spread the expense among all clients. As such, Fried Frank will be seeking reimbursement of all such charges incurred on behalf of the Creditors' Committee, consistent with this Court's rules.

14. No promises have been received by Fried Frank, nor any partner (including Member Corporations), any attorney who is "of counsel" or "special counsel" to Fried Frank, or any associate of Fried Frank, as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code or as described herein. Neither Fried Frank, nor any partner (including Member Corporations) of Fried Frank, attorney who is "of counsel" or "special counsel" to Fried Frank, or any associate of Fried Frank, has any agreement with any other entity to share with such entity any compensation received by Fried Frank in connection with these Chapter 11 Cases.

15. By reason of the foregoing, I believe that Fried Frank is eligible for employment and retention by the Creditors' Committee pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1. I shall amend this statement upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto.

      Pursuant to 28 U.S.C. §1746, I declare, under the penalty of perjury, that the above statements are true and correct.

Dated:  New York, New York
         December 27, 2007

                                                        Gary Kaplan

604459

# EXHIBIT 1

## Creditors of the Debtors that are Past and Present Clients*

Alfa-Laval AB
American Express
AON Corp.
Argo International
AT&T
Babcock & Wilson
Bank of America, N.A.
Bank of Montreal
Bank of Nova Scotia
Battelle
Blake, Cassels & Graydon
Burlington Northern Santa Fe Railway
Canada Post Corp.
Catalyst Paper Corporation
CH2M Hill
Chemical Lime Co.
Chevron
CIBC
The CIT Group
Cogema Inc.
Commerce Clearing House, Inc.
Concordia Advisors LLC
ConocoPhillips Co.
Federal Express
First Union NB
Fisher Scientific Co.
Fortis Bank N.V.
Fortress Investment Group
Futter Lumber Corporation
General Chemical and Packaging, Inc.
General Electric Capital Corporation
General Electric Commercial Finance Business Property HBK Master Fund L.P.
Georgia Pacific
Grant Thornton LLP
HBK Master Fund L.P.
Hercules, Inc.
Hilti, Inc.
Kaye Scholer
KPMG LLP

---

\*   Includes members of official or unofficial committees that are past or present clients.

KPN Qwest N.V.
Lehman Brothers Inc.
Lehman Commercial Paper Inc.
Lloyd's of London
Louisiana Pacific Corp.
March of Dimes Birth Defects Foundation
Manulife Financial
Marriott International
Marsulex Inc.
Matussiere & Forest
McCarthy Tetrault
Mettler Toledo
Microsoft
Micro-Optics
Norske Skog Canada
NFM
Office Depot
Parker Hannifin Corp.
Pitney Bowes Credit Corp.
PNC Bank
Potlatch Corp.
Praxair, Inc.
PricewaterhouseCoopers LLP
Persona, Inc.
Rand McNally & Co.
Rio Tinto
Rosemount Inc.
Rothschild Inc.
Research Institute of America
Strick & Co.
Stikeman Elliot LLP
Staples
Sumitomo Bank Ltd.
Sybase Inc.
Depository Trust & Clearing Corp.
The Bank of New York Co.
Tiffany & Co.
TRW
Unifab Industries Ltd.
United Rental Inc.
U.S. Bank National Association
Verizon
Wilmington Trust Company
Winthrop Resources Corporation

128830.01600/11737248v.1

## EXHIBIT 2

### Parties in Interest with whom Fried Frank has had "Dealings"

Alltel Corp.
Baker Hughes
Coe Manufacturing
Cooper Industries
Domtar Inc.
First American Title Co.
Gearbulk
IBEW
IBM Corp.
Infor Global
Internal Review Service
Intralinks, Inc.
John Deere Co.
Liberty Mutual Insurance Co.
Marubeni Corporation
Oracle
Petro-Canada
PPC Industries
Proctor & Gamble
Sprint
Standard Chartered Bank
U.S. Department of Labor
Univar
University of California, Berkeley
VWR International Ltd.

- 4 -

# EXHIBIT 3

## Parties in Interest that have Appeared in Unrelated Cases in which Fried Frank has Appeared

American Insurance Co. (Firemen's Fund)
Bally Total Fitness
Bank of China
Boise Cascade
GMAC
Medwestvaco Corp.
OfficeMax Inc.
Quadrangle Group LLC
Sears
Toronto Dominion Bank
Toyota Motor Corp.
Weyerhaeuser Company Limited
Xerox Corp.

128830.01600/11737248v.1