IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POPE & TALBOT, INC., et al.,[1] | ) | Case No. 07-11738 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS[2]**

       The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed herewith by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") were prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors and are unaudited. While the Debtors' management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may have occurred. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. Except as noted in the Schedules and Statements, all asset and liability data contained in the Schedules and Statements are stated in U.S. currency as of the close of business on October 28, 2007 – the day immediately preceding the Canadian Filing Date

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Pope & Talbot, Inc. (7139); Penn Timber, Inc. (7380); Pope & Talbot Lumber Sales, Inc. (7029); Pope & Talbot Pulp Sales U.S., Inc. (2041); Pope & Talbot Relocation Services, Inc. (9015); Pope & Talbot Spearfish Ltd. Partnership (2569); P&T Power Company (2710); Mackenzie Pulp Land Ltd. (CCID No. 625473); Pope & Talbot Ltd. (3102); P&T Factoring Limited Partnership (1538); P&T Finance One Limited Partnership (8395); P&T Finance Three LLC (2468); P&T Finance Two Limited Partnership (7960); P&T Funding Ltd. (3717); and P&T LFP Investment Limited Partnership (None). The address for all Debtors is 1500 SW First Avenue, Suite 200, Portland, Oregon 97201.

[2]    A Statement of Financial Affairs or a Schedule of Assets and Liabilities for a particular Debtor begins immediately after these Global Notes (as defined below).

(refer to Paragraph 1 below for a detailed explanation of the Canadian Filing Date). The Debtors have used their best efforts to compile the information set forth in the Schedules and Statements from their books and records maintained in the ordinary course of their businesses. The Debtors reserve their right to amend their Schedules and Statements from time to time as may be necessary or appropriate. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Statements of Financial Affairs with Schedules (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

      1.    <u>Description of the Cases</u>. On October 29, 2007 (the "Canadian Filing Date"), certain of the Debtors – Pope & Talbot, Inc., Pope & Talbot Ltd., Mackenzie Pulp Land Ltd., Penn Timber Inc., Pope & Talbot Lumber Sales, Inc., Pope & Talbot Pulp Sales U.S., Inc., Pope & Talbot Relocation Services, Inc., P&T Power Company, P&T Finance Three LLC and P&T Funding Ltd. (collectively, the "Canadian Debtors") – applied for protection from their creditors in Canada pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36(Canada) (the "CCAA"; and the proceedings commenced by the Canadian Debtors thereunder, the "Canadian Proceedings") in the Ontario Superior Court of Justice (Commercial List) (the "Ontario Court"). On the same date, the Ontario Court issued an "initial order" ("the "CCAA Initial Order") pursuant to which it, *inter alia*, granted the application of the Canadian Debtors for protection under the CCAA, imposed a stay of all proceedings against the Canadian Debtors and their property, created certain administrative liens, appointed PricewaterhouseCoopers Inc. as monitor in the CCAA proceedings, and set forth certain other limitations and procedures for all parties in interest in the Canadian Proceedings. On November 19, 2007, venue of the Canadian Proceedings was transferred, pursuant to the *Court Jurisdiction and Proceedings Transfer Act*, S.B.C. 2003, c. 28, by the Ontario Court to the British Columbia Supreme Court, which accepted venue and extended the stay of proceedings until January 15, 2008. On November 19, 2007 (the "Petition Date"), the Debtors filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for reorganization under Chapter 11 of title 11, United States Code (as amended, the "Bankruptcy Code") under case numbers 07 – 11738 (CSS) through 07 – 11752 (CSS), and orders for relief were entered by the Bankruptcy Court. The cases have been consolidated for the purpose of joint administration under Case No. 07 – 11738 (CSS). The Debtors currently are operating their businesses as debtors in possession under the Bankruptcy Code.

      2.    <u>Basis of Presentation</u>. For financial reporting purposes, the Debtors prepare consolidated financial statements, which include financial information for all subsidiaries and which in the past have been filed with the United States Securities and Exchange Commission (the "SEC") and audited annually. The Schedules and Statements are unaudited and reflect the Debtors' best efforts to report the assets and liabilities on each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are the intended to fully reconcile to the financial statements.

3.    Summary of Significant Reporting Policies. The Schedules and Statements have been signed by R. Neil Stuart, Vice Present and Chief Financial Officer of Pope & Talbot, Inc. In reviewing and signing the Schedules and Statements, Mr. Stuart has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at Pope & Talbot's headquarters and operational locations. Mr. Stuart has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

Each of the Debtors made its best effort to report asset, liability, disbursement and other information on its Schedules and Statements. However, the following qualifications and limitations apply to each Debtor's Schedules and Statements:

(a)    For many assets and asset classifications, a location code is included and maintained in the Debtor's accounting and financial systems. The Debtor currently maintains three fixed asset systems (GEAC, Worthit, Haggerty). Information from the fixed asset sub-systems is consolidated into the Lawson General Ledger. For assets or asset classification for which a location code is available, such assets or asset classifications are reported on the appropriate Debtor's Schedules and Statements.

(b)    The Debtors maintain information for most liabilities, most notably the trade and non-trade accounts payable, in five separate accounts payable systems on behalf of all Debtors (Lawson AP, Synergen-6, Synergen-7, MPAC, Haggerty). Therefore, trade and non-trade balances are reported on the Schedules and Statements of Pope & Talbot, Inc. and Pope & Talbot, Ltd. However, those liabilities for which the Debtors could determine with a reasonable degree of certainty that a Debtor other than Pope & Talbot, Inc. and Pope and Talbot, Ltd. are liable are reported on such other Debtor's Schedules and Statements.

(c)    Disbursements are made through a centralized and consolidated cash management system (Lawson AP) that includes numerous checking accounts held in the name of specific Debtors. Therefore, all disbursement information is reported on the Schedules and Statement of the Debtor which holds the relevant bank account.

In addition, the Debtors adopted the following conventions in the preparation of the Schedules and Statements:

(d)    Debtors. The Debtors maintain separate accounting records for each active Debtor entity. Therefore, Separate Schedules and Statements have been filed for each of the Debtors based on their own accounting books and records.

(e)    Reporting Date. A motion for an order authorizing continued payment of "Gap Claims" that arose after the Canadian Filing Date (October 29, 2007) but be-

3

fore the Petition Date (November 19, 2007) was filed with the Bankruptcy Court on November 19, 2007. An order granting the relief requested in this motion was entered on November 21, 2007. Since the Debtors are authorized, in the ordinary course of business, to pay Gap Claims for goods and services including, but not limited to, wages, salaries, commissions, and taxes in the same manner as if such claims had arisen after the Petition Date, assets & liabilities are therefore reported in the Debtors' Schedules and Statements as of the close of business on October 28, 2007, unless otherwise noted. Due to the limitations of the debtors accounting systems, some values represented in the Schedules and Statements presented may have been estimated.

   (f)  <u>Book Value</u>. Assets and liabilities of each Debtor are shown on the basis of the book value of the asset or liability in the Debtor's accounting books and records, unless otherwise noted, rather than the current market values, of such interests in property and/or liabilities.

   (g)  <u>Intellectual Property Rights</u>. Inclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of such intellectual property rights.

   (h)  <u>Causes of Action</u>. The Debtors have not set forth all causes of action against all third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

   (i)  <u>Executory Contracts</u>. The Debtors have not set forth executory contracts as assets in their Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G.

   (j)  <u>Property and equipment – owned</u>. Unless otherwise noted, owned property and equipment are stated as book value. Although the Debtors have values recorded for owned real property on their books, the Debtors believe such book values may not accurately reflect the market value of the property. The estimated useful lives for the Debtors' assets at the time they are placed in service are as follows:

| Classification | Description | Life |
|---|---|---|
| Buildings | Purchased, constructed or upgrading frame of existing structures Steel/cement | 20 yrs 40 yrs |

4

| Classification | Description | Life |
|---|---|---|
| Land Improvements | Parking lots, mill site roads, asphalt, excavation, dock improvements<br>Log asphalt paving<br>Mill yard asphalt paving | 40 yrs<br><br>10 yrs<br>15 yrs |
| Landfills | Includes retirement obligation – see 4.0 | Est. Useful Life |
| Roads – P&T Deeded Land | Initial road into logging area where no previous roads existed – amortized on balance sheet | 5 yrs |
| Machinery & Equipment - Wood Product – New | Lumber: All equipment directly related to the production of lumber – log in-feeds, barkers, log decks, cuff-off equipment, breakdown equipment, lumber decks, chains, edgers, re-saw, trimmers, chip & sawdust handler.<br>Process Control with heavy computer emphasis.<br>Dry Kiln: All buildings and equipment directly related to drying of lumber including plumbing, pumps, fans, motors, electrical, etc. | 10 yrs<br><br>7 yrs<br><br>15 yrs |
| Machinery & Equipment – Pulp Production - New | Chip & Sawdust handling<br>Pulping Area Machinery & Equipment<br>Scales & Hoists<br>Shipping equipment<br>Effluent Control - Chemical feed systems, filtering systems, conveyors, pump, piping, chemical storage tanks, etc.<br>Power & Utilities | 20 yrs |
| | Effluent Control: Clarifiers and lagoons. | 30 yrs |
| Machinery & Equipment – Projects | Upgrades, rebuilds, partial replacements | Estimated Useful Life |
| Process Control Equip | Hardware and software used in the operations | 7 yrs |
| Licensed Mobile Equipment | Tractors, trailers, pickups, passenger vehicles, mobile radio systems<br>Rebuilt/Used | 7 yrs<br>4 yrs |

5

| Classification | Description | Life |
|---|---|---|
| Unlicensed Mobile Equipment | Forklifts, carriers | 7 yrs |
| | Bulldozer – Pulp Mill | 7 yrs |
| | Logging equipment – equipment designed to handle logs or build roads | 5 yrs |
| Tugboats | Hulls, engines, running gear, radio controls, rigging, etc. | 7 yrs |
| Office Furniture & Equipment | Desks, cabinets, chairs, portable partitions | 5 yrs |
| | Data processing equipment: personal computers, printers, copiers, fax machines, etc. | 4 yrs |
| | Software | 3 yrs. |

For tax reporting purposes, the company uses the MACRS method of depreciation for US reporting. For Canadian reporting, Canadian law provides an annual capital cost allowance (CCA) on undepreciated Capital Cost (UCC) - these Canadian CCA provisions have various class codes for categories of assets and each class code has a specific annual maximum allowance rate that can be applied to the UCC balance if a taxpayer so elects to claim an annual CCA deduction on its tax return. Inasmuch as the Debtors calculate depreciation and amortization monthly, the Schedules and Statements reflect a pro-rated amount of monthly depreciation and amortization through October 28, 2007.

(k)     Property and equipment – leased. In the ordinary course of their businesses, the Debtors lease furniture, fixtures, and equipment from certain third-party lessors for use in the daily operations of their businesses. Any such leases are set forth in the Schedules and Statements. The property subject to such leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors. Nothing in the Schedules and Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues.

(l)     Payments to Creditors and Insiders. On Statement of Financial Affairs 3b, the Debtors have not scheduled payments made to employees who may be deemed officers where the employees function in a purely ministerial role and have no material inside information.

(m)     Interests in Subsidiaries. Pope & Talbot, Inc. owns directly or indirectly the fourteen subsidiaries and affiliates that are Debtors. Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or partnership interests. Each

6

Debtor's "Schedule B-Personal Property" lists such Debtor's ownership interests, if any, in sub-
sidiaries and affiliates. For purposes of these Schedules and Statements, the Debtors have
listed the value of such ownership interests on the basis of book value in the Debtors' account-
ing books and records. However, the book value of such ownership interests may differ sig-
nificantly from the current market value.

        (n)    <u>Financial Statements</u>. Pope & Talbot, Inc. is a publicly held cor-
poration whose common shares were listed on New York Stock Exchange (the "NYSE") under
the symbol POP until October 3, 2007. As of this date, listing was moved to the "Pink Sheets."
Pope & Talbot, Inc. therefore, files consolidated financial statements and records for the Debt-
ors annually with the SEC. On September 9, 2007, Pope & Talbot, Inc. filed its most recent
quarterly report on Form 10-Q with the SEC for the period ending June 30, 2007. Accordingly,
the Debtors' Statements of Financial Affairs do not list the names of specific entities to which
financial statements were provided in the year preceding the commencement of these chapter
11 cases.

        (o)    <u>Schedule D</u>.

        (i)    Except as otherwise agreed pursuant to a stipulation
or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve
their rights to dispute or challenge the validity, perfection, or immunity from avoidance
of any lien purported to be granted or perfected in any specific asset to a secured creditor
listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled
claims of various creditors as secured claims, the Debtors reserve all rights to dispute or
challenge the secured nature of any such creditor's claim or the characterization of the
structure of any such transaction, or any document or instrument related to such creditor's
claim.

        (ii)    In certain instances, a Debtor may be a co-obligor,
co-mortgagor, or guarantor with respect to scheduled claims of other Debtors. No claim
set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that
are otherwise satisfied or discharged by other entities. The descriptions provided in
Schedule D are intended only to be a summary. Reference to the applicable loan agree-
ments and related documents is necessary for a complete description of the collateral and
the nature, extent, and priority of any liens. Nothing in these Global Notes or the Sched-
ules and Statements shall be deemed a modification or interpretation of the terms of such
agreements. Holders of secured claims by virtue of holding setoff rights against the
Debtors are not included on Schedule D. To the extent that the Debtors are parties to
capital leases, the Debtors have treated those leases as executory contracts, which may be
shown on Schedule G. However, the Debtors reserve their rights to assert that such capi-
tal leases are secured financings, rather than unexpired leases.

7

(p)    Schedule F. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule F are intended only to be a summary. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. The claims of individual creditors for, among other things, merchandise, goods, services or taxes are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F. All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected. Not all such claims are duplicated on Schedule F.

(q)    Schedule G:

(i)    The businesses of the Debtors are complex. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

(ii)    The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge. Schedule G does not include stand alone purchase orders for goods or equipment or nondisclosure agreements. Schedule G does not include all of the Debtors' bid proposals entered into by the Debtors in the ordinary course of their business because the Debtors do not consider such documents to be executory contracts. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscella-

8

neous agreements.  Such documents are not set forth in Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

        (iii)    The presence of a contract or agreement on this schedule does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on these Schedules.

        (r)    <u>Statement of Financial Affairs</u>.  Both questions 3b and 23 in the statement of financial affairs request information regarding payments to insiders.  The Debtors have listed expense reimbursements, gross wages and bonuses to their insiders in response to question 3b.

        (s)    <u>Returns of Merchandise and Raw Materials</u>.  The Debtors in the ordinary course of their business either negotiate a price adjustment for the damaged, recalled and defective merchandise or return such merchandise to the manufacturer for credit which is in either Schedule F or B-16.  The Debtors have not listed returns of damaged and defective merchandise in response to question 5 of the SOFA.

        4.    <u>Claims</u>.  The Debtors' Schedules list creditors and set forth the Debtors' estimate of the number of claims of creditors as of the close of business on October 28, 2007.  Payments have been made subsequently to certain claimants pursuant to Bankruptcy Court orders in the Debtors' cases.  The Bankruptcy Court has authorized the Debtors, among other matters, to continue certain customer practices and programs; to pay prepetition wages, salaries, and employee benefits; to pay critical vendor claims; to pay prepetition trust fund, use, and other taxes; and to pay certain prepetition freight carrier and related charges.  The Debtors have attempted to reflect these subsequent payments in the Schedules and Statements, but the actual unpaid claims of creditors may differ from the amounts set forth in the Schedules and Statements.

        5.    <u>Employee Claims</u>.  The Bankruptcy Court entered a first day order (the "Employee Wages Order") granting authority to the Debtors to pay prepetition and postpetition employee wages, salaries, benefits, and other obligations for employees.  Pursuant to such the Employee Wages Order, the Debtors believe that any employee claims for prepetition amounts either have been satisfied or are in the process of being satisfied.  Accordingly, employee claims for amounts owing as of the end of the day on October 28, 2007 that have been paid or that are intended to be paid have not been included in the Schedules and Statements.  The Debtors have, however, included severance obligations not paid to date in the Schedules and Statements.

        6.    <u>Disputed, Contingent, and/or Unliquidated Claims</u>.  Schedules D, E, and F permit each of the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these schedules as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors

9

reserve the right to dispute, or assert offsets or defenses to any claim reflected on these Schedules as to nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent or unliquidated.

7.    Insurance.  Pope & Talbot, Inc. maintains general liability insurance policies, and various other insurance policies, on behalf of all the Debtors.  A listing of all such insurance policies is set forth on each Debtor's Schedule B9.

8.    Inventory.  The Debtors routinely perform manual counts of their inventory, and record the results of such manual counts through cycle count sheets.  In the event of a discrepancy, the Debtors recount and perform a book adjustment for such recount results.  The Debtors have provided the book value of inventory as of October 28, 2007 on the Schedule of Assets and Liabilities.  Inventory values set forth on the Schedules of Assets and Liabilities are at cost.

9.    Global Notes Control.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether the schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, G, H, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the amount of the debtor's assets. Add the amounts of Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Amounts Scheduled | | |
| --- | --- | --- | --- | --- | --- |
| | | | Assets | Liabilities | Other |
| A - Real Property | YES | 2 | $ 4,622,997 | | |
| B - Personal Property | YES | 15 | 19,602,063 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 7 | | $ 233,510,459 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | Unknown | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | 5,600,219 | |
| G - Executory Contracts and Leases | YES | 2 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | |
| J - Current Expenses of Individual Debtor(s) | NO | 0 | | | |
| Total Number of Sheets in ALL Schedules | | 33 | | | |
| Total Assets | | | $ 24,225,059 | | |
| Total Liabilities | | | | $ 239,110,678 | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint of Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If any entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR MORTGAGE | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|
| Buildings & Improvements | Owner-Buildings | $            3,792,036 | See Note [1] |
| 200 Faye Ave. Newcastle, WY 82701 Parcel ID 00036 | Owner- Land | 32,253 | See Note [1] |
| 1510 West Oliver Street Spearfish, SD 57783 Parcel ID 00002 | Owner- Land | 20,464 | See Note [1] |
| 1511 West Oliver Street Spearfish, SD 57783 Parcel ID 00003 | Owner- Land | 221,624 | See Note [1] |
| 1512 West Oliver Street Spearfish, SD 57783 Parcel ID 00005 | Owner- Land | 29,009 | See Note [1] |
| 1513 West Oliver Street Spearfish, SD 57783 Parcel ID 00007 | Owner- Land | 8,948 | See Note [1] |
| 1514 West Oliver Street Spearfish, SD 57783 Parcel ID 00010 | Owner- Land | - | See Note [1] |
| 1515 West Oliver Street Spearfish, SD 57783 Parcel ID 00012 | Owner- Land | 69,328 | See Note [1] |
| 1516 West Oliver Street Spearfish, SD 57783 Parcel ID 00015 | Owner- Land | 24,265 | See Note [1] |
| 1517 West Oliver Street Spearfish, SD 57783 Parcel ID 00019 | Owner- Land | 25,998 | See Note [1] |

SOAL A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR MORTGAGE | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|
| 1518 West Oliver Street Spearfish, SD 57783 Parcel ID 00396 | Owner- Land | 8,000 | See Note [1] |
| 1519 West Oliver Street Spearfish, SD 57783 Parcel ID 00397 | Owner- Land | 128,017 | See Note [1] |
| 1520 West Oliver Street Spearfish, SD 57783 Parcel ID 00398 | Owner- Land | 40,000 | See Note [1] |
| 1521 West Oliver Street Spearfish, SD 57783 Parcel ID 00411 | Owner- Land | 118,055 | See Note [1] |
| 1011 North Street Whitewood, SD 57793 Parcel ID 00491 | Owner- Land | 105,000 | See Note [1] |
| **TOTAL** | | $        4,622,997 | $        - |

**Note:**

[1] All assets of the Debtor are pledged as security to the secured lending facilities.

SOAL A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category attach a separate sheet properly identified with the case name, case number and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - "Executory Contracts and Unexpired Leases."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | | See Exhibit B1 | $              1,200 |
| 2. Checking, saving or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | See Exhibit B2 | (2,813) |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | - |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | - |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | - |
| 6. Wearing apparel. | X | | - |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category attach a separate sheet properly identified with the case name, case number and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - "Executory Contracts and Unexpired Leases."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 7. Furs and jewelry. | X | | - |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | - |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize | | See Exhibit B9 | - |
| 10. Annuities.  Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the records(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category attach a separate sheet properly identified with the case name, case number and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - "Executory Contracts and Unexpired Leases."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | - |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | - |
| 15. Government and corporate bonds and other negotiable instruments. | X | | - |
| 16. Accounts Receivable. | | See Exhibit B16 | 166,814 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | - |
| 18. Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | - |

SOAL B Summary

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category attach a separate sheet properly identified with the case name, case number and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - "Executory Contracts and Unexpired Leases."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefits plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer Lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. 101(41A))provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category attach a separate sheet properly identified with the case name, case number and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - "Executory Contracts and Unexpired Leases."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | See Exhibit B25 | 540,594 |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | | See Exhibit B28 | 50,495 |
| 29. Machinery, fixtures, equipment and supplies used in business. | | See Exhibit B29 | 15,892,868 |
| 30. Inventory. | | See Exhibit B30 | 2,794,184 |

SOAL B Summary

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category attach a separate sheet properly identified with the case name, case number and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - "Executory Contracts and Unexpired Leases."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 31. Animals. | X | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farms supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | | See Exhibit B35 | 158,720 |
| | | TOTAL    $ | 19,602,063 |

SOAL B Summary

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY
### EXHIBIT B1 - CASH ON HAND

| TYPE OF PROPERTY | DESCRIPTION OF PROPERTY | LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| Cash | Petty Cash | Spearfish, SD | $ 200 |
| Cash | Petty Cash | Spearfish, SD | 1,000 |
| | | TOTAL | $ 1,200 |

SOAL B1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

**SCHEDULE B - PERSONAL PROPERTY**
**EXHIBIT B2 - FINANCIAL ACCOUNTS**

| DESCRIPTION AND LOCATION OF PROPERTY (NAME AND ADDRESS OF BANK) | ACCOUNT NUMBER(S) | TYPE/PURPOSE | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| Wells Fargo Business Credit<br>MAC P6101-144<br>14th Floor<br>1300 S.W. Fifth Ave.<br>Portland, OR, 97201 | 4121183859 | General | $ (2,813) |
| | | **TOTAL** | $ (2,813) |

SOAL B2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT B9 - INSURANCE POLICIES

| COVERAGE | COMPANY | POLICY NO. | TERM | SURRENDER OR REFUND VALUE |
|---|---|---|---|---|
| General Liability | Federal Ins. Co. (Chubb) | 3575-13-17 | 5/1/2007-2008 | $ - |
| Automobile | Federal Ins. Co. (Chubb) | 7320-35-58 | 5/1/2007-2008 | - |
| Umbrella | Federal Ins. Co. (Chubb) | 9364-0108 | 5/1/2007-2008 | - |
| Stock Thru-Put Marine Cargo Insurance | Lockton Lloyds of London | MACCD0700794 | 5/1/2007-2008 | - |
| Terrorism for Cargo | Lockton Lloyds of London | MACCD0700813 | 5/1/2007-2008 | - |
| Hull & Mach. (P&I) CN & US | Starr Marine National Liab. & Fire Ins. Co. | HSE0019 | 5/1/2007-2008 | - |
| Excess P&I CN& US | National Liab. & Fire Ins. Co. | HSE0020 | 5/1/2007-2008 | - |
| Marine Liability | National Liab. & Fire Ins. Co. | LSE00019 | 5/1/2007-2008 | - |
| 1st Excess marine Liability | MMO of Midwest NY Marine & General | MMMW-39981ML407 | 5/1/2007-2008 | - |
| 1st Excess marine Liability | National Liab. & Fire Ins. Co. | LSE00021 | 5/1/2007-2008 | - |
| 2nd Excess Marine Liability | MMO of Midwest NY Marine & General | MMMW-39982ML407 | 5/1/2007-2008 | - |
| Property | Factory Mutual Ins. Co. | XG529 | 6/1/2007-2008 | - |
| | | | TOTAL | $ - |

SOAL B9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

**SCHEDULE B - PERSONAL PROPERTY**
**EXHIBIT B16 - ACCOUNTS RECEIVABLE**

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY (NAME AND ADDRESS OF VENDOR) | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|
| Trade Receivables | N/A | $ 166,350 |
| Other Receivables | N/A | 464 |
| **TOTAL** | | $ 166,814 |

**Note:**
[1] For proprietary reasons, the detail by customer is not provided.  These detailed records are maintained at the Company's Portland, Oregon headquarters

SOAL B16

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

### SCHEDULE B - PERSONAL PROPERTY
### EXHIBIT B25 - AUTOMOBILES, TRUCKS, AND OTHER VEHICLES AND ACCESSORIES

| TYPE OF PROPERTY | COST | ACCUMULATED DEPRECIATION | NET BOOK VALUE |
|---|---|---|---|
| Automobiles, Trucks and Other Vehicles | $ 1,026,064 | $ (485,470) | $ 540,594 |
| TOTAL | $ 1,026,064 | $ (485,470) | $ 540,594 |

Note:
[1] These detailed records are maintained at the Company's Portland, Oregon headquarters

SOAL B25

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

### SCHEDULE B - PERSONAL PROPERTY
### EXHIBIT B28 - OFFICE EQUIPMENT, FURNISHINGS AND SUPPLIES

| DESCRIPTION OF PROPERTY | LOCATION OF PROPERTY | COST | ACCUMULATED DEPRECIATION | NET BOOK VALUE |
|---|---|---|---|---|
| Office Equipment, Furnishings and Supplies | Spearfish, SD | $ 78,628 | $ (28,132) | $ 50,495 |
| **TOTAL** | | $ 78,628 | $ (28,132) | $ 50,495 |

Note:
[1] These detailed records are maintained at the Company's Portland, Oregon headquarters

SOAL B28

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

### SCHEDULE B - PERSONAL PROPERTY
### EXHIBIT B29 - MACHINERY, FIXTURES, EQUIPMENT, AND SUPPLIES USED IN BUSINESS

| DESCRIPTION OF PROPERTY | LOCATION OF PROPERTY | COST | ACCUMULATED DEPRECIATION | NET BOOK VALUE |
|---|---|---|---|---|
| Machinery, Fixtures, Equipment and Supplies [1] | Spearfish, SD | $ 21,493,660 | $ (5,729,152) | $ 15,764,507 |
| Construction in Progress | Spearfish, SD | 128,361 | - | 128,361 |
| TOTAL | | $ 21,622,020 | $ (5,729,152) | $ 15,892,868 |

**Note:**
[1] These detailed records are maintained at the Company's Portland, Oregon headquarters

SOAL B29

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

SCHEDULE B - PERSONAL PROPERTY
EXHIBIT B30 - INVENTORY

| TYPE OF PROPERTY[1] | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|
| Inventory Lumber | Lumber, Spearfish, SD | $ 2,306,175 |
| Inventory Lumber | Wood Pellets, Spearfish, SD | 287,688 |
| Inventory Chemicals/Supplies | Chemicals and Supplies, Spearfish, SD | 783,357 |
| Inventory LIFO Reserve | LIFO Reserve, Spearfish, SD | (583,036) |
| | TOTAL | $ 2,794,184 |

Note:

[1] Valuation of inventory occurs as part of the month end closing process. Detail listings of finished inventory quantities, without valuations, are available for both wood (except Spearfish, see below) and pulp by product and grade. These detailed listings can be obtained for all sites at which inventory is stored. Raw material inventory receipts are tracked at the detail level, but consumption of the inventory is calculated from production at month end to achieve the ending balance. Wood inventory held at Spearfish can only be reconciled by physical inventory count due to limitations of the inventory tracking system at the Spearfish facility.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE B - PERSONAL PROPERTY
### EXHIBIT B35 - ALL OTHER PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|
| Prepaid Insurance | Auto insurance policy 6/2007 - 5/2008 | $              10,563 |
| Prepaid Insurance | General liability policy 6/2007 - 5/2008 | 28,050 |
| Prepaid Insurance | Property insurance policy 6/2007-5/2008 | 50,107 |
| Other Prepaid Expenses | | 70,000 |
| | **TOTAL** | $              158,720 |

SOAL B35

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

### SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| NONE | | | |

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled 'Codebtor', include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL[1] | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| **Revolver** | | | | |
| David W. Stack Sr. Vice President ABN AMRO Bank N.V. 55 East 52nd Street, 2nd Fl New York, NY 10055 | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | $    15,231,512 | Unknown |
| Wells Fargo Financial Corporation, Canada 55 Standish Court, Ste 400 Mississauga, OR L5R4J4 | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 30,463,024 | Unknown |
| **Term B Loan** | | | | |
| Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 16,409,331 | Unknown |

SOAL D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL[1] | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| HBK Master Fund L.P.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 10,418,623 | Unknown |
| OHSF Financing Ltd.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 656,373 | Unknown |
| OHSF II Financing Ltd.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,640,933 | Unknown |
| Oak Hill Credit Opportunities Financing, Ltd.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 4,102,333 | Unknown |
| Oak Hill Credit Alpha Finance I, LLC<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,476,840 | Unknown |
| Oak Hill Credit Alpha Finance I (Offshore), LLC<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 3,774,146 | Unknown |
| Lerner Enterprises, LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 656,373 | Unknown |
| OHA Capital Solutions, LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,435,816 | Unknown |

SOAL D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL[1] | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| OHA Capital Solutions, Ltd. c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 2,666,516 | Unknown |
| Regiment Capital Special Situations Fund III, LP c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 3,906,984 | Unknown |
| Fortress Credit Opportunities I LP c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 781,397 | Unknown |
| Fortress Credit Opportunities II LP c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,562,793 | Unknown |
| Fortress Credit Funding I LP c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,562,793 | Unknown |
| Credit Genesis CLO 2005-1 Ltd. c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,302,328 | Unknown |
| Durham Acquisition Co. LLC c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,041,862 | Unknown |

SOAL D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL[1] | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| Bank of America, NA<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 413,664 | Unknown |
| Concordia Distressed Debt Fund, LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 349,332 | Unknown |
| Quadrangle Master Funding Ltd<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 7,050,971 | Unknown |
| DK Acquisition Partners, LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 3,906,984 | Unknown |
| **Term C Loan** | | | | |
| Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 30,920,282 | Unknown |
| OHSF Financing Ltd.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,236,811 | Unknown |
| OHSF II Financing Ltd.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 3,092,028 | Unknown |

SOAL D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL[1] | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| Oak Hill Credit Opportunities Financing, Ltd. c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 7,730,070 | Unknown |
| Oak Hill Credit Alpha Finance I, LLC c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 2,782,825 | Unknown |
| Oak Hill Credit Alpha Finance I (Offshore), LLC c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 7,111,665 | Unknown |
| Lerner Enterprises, LP c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,236,811 | Unknown |
| OHA Capital Solutions, LP c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 2,705,525 | Unknown |
| OHA Capital Solutions, Ltd. c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 5,024,546 | Unknown |
| Regiment Capital Special Situations Fund III, LP c/o Ableco Finance LLC 299 Park Avenue Floors 21-23 New York, NY 10171 Attn: Seth Fink | 06/28/2006 Credit Agreement 09/26/2006 Amendment 1 12/31/2006 Amendment 2 05/16/2007 Amendment 3 | Contingent & Unliquidated | 7,361,972 | Unknown |

SOAL D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL[1] | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| Fortress Credit Opportunities I LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,472,394 | Unknown |
| Fortress Credit Opportunities II LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 2,944,789 | Unknown |
| Fortress Credit Funding I LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 2,944,789 | Unknown |
| Credit Genesis CLO 2005-1 Ltd.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 2,453,991 | Unknown |
| Durham Acquisition Co. LLC<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 1,963,192 | Unknown |
| HBK Master Fund L.P.<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 19,631,925 | Unknown |
| Bank of America, NA<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 779,472 | Unknown |
| Concordia Distressed Debt Fund, LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Various | 658,250 | Unknown |

SOAL D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL[1] | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| Quadrangle Master Funding Ltd<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 13,286,222 | Unknown |
| DK Acquisition Partners, LP<br>c/o Ableco Finance LLC<br>299 Park Avenue<br>Floors 21-23<br>New York, NY 10171<br>Attn: Seth Fink | 06/28/2006 Credit Agreement<br>09/26/2006 Amendment 1<br>12/31/2006 Amendment 2<br>05/16/2007 Amendment 3 | Contingent & Unliquidated | 7,361,972 | Unknown |
| | | **TOTAL** | $    233,510,459 | **Unknown** |

<u>Notes:</u>
[1] Amounts include outstanding principal, interest and bank fees accrued for Debtors' secured claims.

SOAL D

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the childs initials and the name and address of the childs parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the childs name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Continent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

   TYPES OF PRIORITY CLAIMS (check the appropriate box(es) below if claims in that category are listed on the attached sheets).

☐   Extensions of credit in an involuntary case
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Section 507 (a)(2)

☐   Wages, salaries and commissions
   Wages, salaries and commissions, including vacation, severance and sick leave pay owing to employees, up to a maximum of employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever first, to the extent provided in 11 U.S.C. Section 507 (a)(3)

☐   Contributions to employee benefit plans
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507 (a)(4)

☐   Grain farmers and fishermen
   Claims of certain farmers and fisherman, up to a maximum of $4650 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Section 507 (a)(5)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

☐    **Deposits by individuals**
Claims of individuals up to a maximum of $1950 for deposits for the purchase, lease, or rental of property or services for personal family or household use, that were not delivered or provided. 11 U.S.C. Section 507 (a)(6)

☐    **Alimony, Maintenance, or Support**
Claims of spouse, former spouse, or child of the debtor for alimony, maintenance or support, to the extent provided in 11 U.S.C. 507 (a)(7)

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Section 507 (a)(8)

| CREDITOR'S NAME AND ADDRESS | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT, UNLIQUIDATED, DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|
| Lawrence Co. Property Taxes | 10/31/2007 | Contingent, Unliquidated, Disputed | $ 44,997 | Unknown |
| South Dakota DOR - Sales Tax | 11/29/2007 | Contingent, Unliquidated, Disputed | 3,937 | Unknown |
| CT Corporation Registered Agent | 12/30/2007 | Contingent, Unliquidated, Disputed | 260 | Unknown |
| Lawrence County Assessor South Dakota Department of Revenue & Regulation Property Tax Division 445 E. Capitol Ave. Pierre, SD 57501 | Accrued Personal Property Tax | Contingent, Unliquidated, Disputed | 79,167 | Unknown |
| Weston County Treasurer 1 West Main Newcastle, WY 82701 | Accrued Personal Property Tax | Contingent, Unliquidated, Disputed | 4,584 | Unknown |
| Lawrence County Assessor South Dakota Department of Revenue & Regulation Property Tax Division 445 E. Capitol Ave. Pierre, SD 57501 | Accrued Sales & Uses Tax | Contingent, Unliquidated, Disputed | 3,937 | Unknown |
| | | **TOTAL** | $ 49,194 | - |

SOAL E

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled Total on the last sheet of the completed schedule.  Report this total

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| Pope & Talbot, Inc. | Intercompany Payable | | $    1,849,707 |
| Pope & Talbot Ltd.-Halsey | Intercompany Payable | | 688 |
| Pope & Talbot, Inc. | Intercompany Loan | | 2,553,996 |
| Accounts Payable | Various | Contingent, Unliquidated, Disputed | 950,296 |
| Black Hills Power PO Box 1440 Rapid City, SD 57709 | Electric Purchases Accrual | Contingent & Unliquidated | 187,715 |
| Aulick Leasing Corporation 305 9th Ave PO Box 1369 Scottsbluff, NB 69363 | Chip Accrual | Contingent & Unliquidated | 35,439 |

SOAL F

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

| | | | |
|---|---|---|---|
| Rental Accrual | Various | Contingent, Unliquidated, Disputed | 19,200 |
| Western Wood Products Association 522 SW Fifth Ave Ste 500 Portland, OR 97204 | Selling Expense Accrual | Contingent & Unliquidated | 3,178 |
| **TOTAL** | | | $ **5,600,219** |

SOAL F

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any time share interests.

State nature of debtor's interest in contract, i.e., "Purchase", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS OF NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| See Attachment G | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

Schedule G - Executory Contracts and Unexpired Leases

DRAFT: Subject to Change

| Document Name/Description | Lease of Non-Residential Real Property? | Debtor's Nature of Interest | Counterparty Company or Individual's Name | Notice Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Employee Assistant Plan (Mental health) | | Party | Behavior Management | | 823 DAHL ROAD | | | SPEARFISH | SD | 57783 | |
| Spearfish - Logging Operations Agreement | | Buyer | Pope & Talbot, Inc. | | Affiliate Company | | | | | | |
| Spearfish - Management Services Agreement | | Company | Pope & Talbot, Inc. | | Affiliate Company | | | | | | |
| Spearfish - Lumber Sales Agreement | | Company | Pope & Talbot, Inc. | | Affiliate Company | | | | | | |

Privileged and Confidential
Attorney/Client Work Product

SOAL Attach G

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Pope & Talbot, Inc.<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| Pope & Talbot Ltd.<br>570-68th Ave<br>Grand Forks, BC VOH 1HO | See Note [1] |
| C/O Pope & Talbot, Inc.<br>P&T Factoring Limited Partnership<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| C/O Pope & Talbot, Inc.<br>Pope & Talbot Pulp Sales U.S., Inc.<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| C/O Pope & Talbot, Inc.<br>Pope & Talbot Lumber Sales, Inc.<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| C/O Pope & Talbot, Inc.<br>Penn Timber Inc.<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| C/O Pope & Talbot, Inc.<br>Pope & Talbot Relocation Services, Inc.<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| C/O Pope & Talbot, Inc.<br>P& T Power Company<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| C/O Pope & Talbot, Inc.<br>P& T Finance One Limited Partnership<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |

SOAL H

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope Talbot Spearfish Limited Partnership
Case No. 07 - 11743 (CSS)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| C/O Pope & Talbot, Inc.<br>P& T Finance Two Limited Partnership<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| P& T Funding Ltd.<br>C/O Borden Ladner Gervais LLP<br>1200 Waterfront Centre<br>200 Burrard Street<br>Vancouver, B.C. V7X 1T2<br>Attn: Robert Owen | See Note [1] |
| Mackenzie Pulp Land Ltd.<br>C/O Borden Ladner Gervais LLP<br>1200 Waterfront Centre<br>200 Burrard Street<br>Vancouver, B.C. V7X 1T2<br>Attn: Robert Owen | See Note [1] |
| C/O Pope & Talbot, Inc.<br>Lignum Forest Products LLP<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |
| C/O Pope & Talbot, Inc.<br>P&T Finance Three, LLC<br>1500 SW First Ave, Ste 200<br>Portland, OR 97201 | See Note [1] |

Note:
[1] The following entities are common creditors of the codebtors listed above per the Credit agreement dated 6/26/2006 and amended 9/26/2006, 12/31/2006 and 5/16/2007: ABN Amro Bank N.V., Wells Fargo Financial Corporation Canada, Abelco Finance LLC, HBK Master Fund L.P., OHSF Financing Ltd., OHSF II Financing Ltd., Oak Hill Credit Opportunities Financing Ltd., Oak Hill Credit Alpha Finance I, LLC, Oak Hill Credit Alpha Finance I (Offshore), LLC, Lerner Enterprises, LP, OHA Capital Solutions, LP, OHA Capital Solutions, Ltd., Regiment Capital Special Situations Fund III LP, Fortress Credit Opportunities I LP, Fortress Credit Opportunities II LP, Fortress Credit Financing I LP, Credit Genesis CLO 2005-1 Ltd., Durham Acquisition Co. LLC, Bank of America, NA, Concordia Distressed Debt Fund, LP, Quadrangle Master Funding Ltd., DK Acquisition Partners, LP.

## DECLARATION CONCERNING DEBTOR'S STATEMENTS

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP**

I, R. Neil Stuart, Vice President, Chief Financial Officer and Secretary of Pope & Talbot, Inc., Parent Company of Pope and Talbot Spearfish Limited Partnership, named as the debtor in these cases, declare under penalty of perjury that I have read the forgoing Schedule of Assets and Liabilities, consisting of 35 sheets, and that it is true and correct to the best of my knowledge, information and belief.

_____          1/4/08
Signature                                                                          Date

*The penalties for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. Secs. 152 and 3571.*