IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POPE & TALBOT, INC., et al.,[1] | ) | Case No. 07-11738 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS[2]**

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed herewith by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") were prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors and are unaudited. While the Debtors' management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may have occurred. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. Except as noted in the Schedules and Statements, all asset and liability data contained in the Schedules and Statements are stated in U.S. currency as of the close of business on October 28, 2007 – the day immediately preceding the Canadian Filing Date

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Pope & Talbot, Inc. (7139); Penn Timber, Inc. (7380); Pope & Talbot Lumber Sales, Inc. (7029); Pope & Talbot Pulp Sales U.S., Inc. (2041); Pope & Talbot Relocation Services, Inc. (9015); Pope & Talbot Spearfish Ltd. Partnership (2569); P&T Power Company (2710); Mackenzie Pulp Land Ltd. (CCID No. 625473); Pope & Talbot Ltd. (3102); P&T Factoring Limited Partnership (1538); P&T Finance One Limited Partnership (8395); P&T Finance Three LLC (2468); P&T Finance Two Limited Partnership (7960); P&T Funding Ltd. (3717); and P&T LFP Investment Limited Partnership (None). The address for all Debtors is 1500 SW First Avenue, Suite 200, Portland, Oregon 97201.

2 A Statement of Financial Affairs or a Schedule of Assets and Liabilities for a particular Debtor begins immediately after these Global Notes (as defined below).

(refer to Paragraph 1 below for a detailed explanation of the Canadian Filing Date). The Debtors have used their best efforts to compile the information set forth in the Schedules and Statements from their books and records maintained in the ordinary course of their businesses. The Debtors reserve their right to amend their Schedules and Statements from time to time as may be necessary or appropriate. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Statements of Financial Affairs with Schedules (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1. Description of the Cases. On October 29, 2007 (the "Canadian Filing Date"), certain of the Debtors – Pope & Talbot, Inc., Pope & Talbot Ltd., Mackenzie Pulp Land Ltd., Penn Timber Inc., Pope & Talbot Lumber Sales, Inc., Pope & Talbot Pulp Sales U.S., Inc., Pope & Talbot Relocation Services, Inc., P&T Power Company, P&T Finance Three LLC and P&T Funding Ltd. (collectively, the "Canadian Debtors") – applied for protection from their creditors in Canada pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36(Canada) (the "CCAA"; and the proceedings commenced by the Canadian Debtors thereunder, the "Canadian Proceedings") in the Ontario Superior Court of Justice (Commercial List) (the "Ontario Court"). On the same date, the Ontario Court issued an "initial order" ("the "CCAA Initial Order") pursuant to which it, *inter alia*, granted the application of the Canadian Debtors for protection under the CCAA, imposed a stay of all proceedings against the Canadian Debtors and their property, created certain administrative liens, appointed PricewaterhouseCoopers Inc. as monitor in the CCAA proceedings, and set forth certain other limitations and procedures for all parties in interest in the Canadian Proceedings. On November 19, 2007, venue of the Canadian Proceedings was transferred, pursuant to the *Court Jurisdiction and Proceedings Transfer Act*, S.B.C. 2003, c. 28, by the Ontario Court to the British Columbia Supreme Court, which accepted venue and extended the stay of proceedings until January 15, 2008. On November 19, 2007 (the "Petition Date"), the Debtors filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for reorganization under Chapter 11 of title 11, United States Code (as amended, the "Bankruptcy Code") under case numbers 07 – 11738 (CSS) through 07 – 11752 (CSS), and orders for relief were entered by the Bankruptcy Court. The cases have been consolidated for the purpose of joint administration under Case No. 07 – 11738 (CSS). The Debtors currently are operating their businesses as debtors in possession under the Bankruptcy Code.

2. Basis of Presentation. For financial reporting purposes, the Debtors prepare consolidated financial statements, which include financial information for all subsidiaries and which in the past have been filed with the United States Securities and Exchange Commission (the "SEC") and audited annually. The Schedules and Statements are unaudited and reflect the Debtors' best efforts to report the assets and liabilities on each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are the intended to fully reconcile to the financial statements.

3. Summary of Significant Reporting Policies. The Schedules and Statements have been signed by R. Neil Stuart, Vice Present and Chief Financial Officer of Pope & Talbot, Inc. In reviewing and signing the Schedules and Statements, Mr. Stuart has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at Pope & Talbot's headquarters and operational locations. Mr. Stuart has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

Each of the Debtors made its best effort to report asset, liability, disbursement and other information on its Schedules and Statements. However, the following qualifications and limitations apply to each Debtor's Schedules and Statements:

(a) For many assets and asset classifications, a location code is included and maintained in the Debtor's accounting and financial systems. The Debtor currently maintains three fixed asset systems (GEAC, Worthit, Haggerty). Information from the fixed asset sub-systems is consolidated into the Lawson General Ledger. For assets or asset classification for which a location code is available, such assets or asset classifications are reported on the appropriate Debtor's Schedules and Statements.

(b) The Debtors maintain information for most liabilities, most notably the trade and non-trade accounts payable, in five separate accounts payable systems on behalf of all Debtors (Lawson AP, Synergen-6, Synergen-7, MPAC, Haggerty). Therefore, trade and non-trade balances are reported on the Schedules and Statements of Pope & Talbot, Inc. and Pope & Talbot, Ltd. However, those liabilities for which the Debtors could determine with a reasonable degree of certainty that a Debtor other than Pope & Talbot, Inc. and Pope and Talbot, Ltd. are liable are reported on such other Debtor's Schedules and Statements.

(c) Disbursements are made through a centralized and consolidated cash management system (Lawson AP) that includes numerous checking accounts held in the name of specific Debtors. Therefore, all disbursement information is reported on the Schedules and Statement of the Debtor which holds the relevant bank account.

In addition, the Debtors adopted the following conventions in the preparation of the Schedules and Statements:

(d) Debtors. The Debtors maintain separate accounting records for each active Debtor entity. Therefore, Separate Schedules and Statements have been filed for each of the Debtors based on their own accounting books and records.

(e) Reporting Date. A motion for an order authorizing continued payment of "Gap Claims" that arose after the Canadian Filing Date (October 29, 2007) but be-

fore the Petition Date (November 19, 2007) was filed with the Bankruptcy Court on November 19, 2007. An order granting the relief requested in this motion was entered on November 21, 2007. Since the Debtors are authorized, in the ordinary course of business, to pay Gap Claims for goods and services including, but not limited to, wages, salaries, commissions, and taxes in the same manner as if such claims had arisen after the Petition Date, assets & liabilities are therefore reported in the Debtors' Schedules and Statements as of the close of business on October 28, 2007, unless otherwise noted. Due to the limitations of the debtors accounting systems, some values represented in the Schedules and Statements presented may have been estimated.

(f) Book Value. Assets and liabilities of each Debtor are shown on the basis of the book value of the asset or liability in the Debtor's accounting books and records, unless otherwise noted, rather than the current market values, of such interests in property and/or liabilities.

(g) Intellectual Property Rights. Inclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of such intellectual property rights.

(h) Causes of Action. The Debtors have not set forth all causes of action against all third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

(i) Executory Contracts. The Debtors have not set forth executory contracts as assets in their Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G.

(j) Property and equipment – owned. Unless otherwise noted, owned property and equipment are stated as book value. Although the Debtors have values recorded for owned real property on their books, the Debtors believe such book values may not accurately reflect the market value of the property. The estimated useful lives for the Debtors' assets at the time they are placed in service are as follows:

| **Classification** | **Description** | **Life** |
|---|---|---|
| Buildings | Purchased, constructed or upgrading frame of existing structures<br>Steel/cement | 20 yrs<br>40 yrs |

| Classification | Description | Life |
|---|---|---|
| Land Improvements | Parking lots, mill site roads, asphalt, excavation, dock improvements<br>Log asphalt paving<br>Mill yard asphalt paving | 40 yrs<br><br>10 yrs<br>15 yrs |
| Landfills | Includes retirement obligation – see 4.0 | Est. Useful Life |
| Roads – P&T Deeded Land | Initial road into logging area where no previous roads existed – amortized on balance sheet | 5 yrs |
| Machinery & Equipment - Wood Product – New | Lumber: All equipment directly related to the production of lumber – log in-feeds, barkers, log decks, cuff-off equipment, breakdown equipment, lumber decks, chains, edgers, resaw, trimmers, chip & sawdust handler.<br>Process Control with heavy computer emphasis.<br>Dry Kiln: All buildings and equipment directly related to drying of lumber including plumbing, pumps, fans, motors, electrical, etc. | 10 yrs<br><br>7 yrs<br><br>15 yrs |
| Machinery & Equipment – Pulp Production - New | Chip & Sawdust handling<br>Pulping Area Machinery & Equipment<br>Scales & Hoists<br>Shipping equipment<br>Effluent Control - Chemical feed systems, filtering systems, conveyors, pump, piping, chemical storage tanks, etc.<br>Power & Utilities | 20 yrs |
| | Effluent Control: Clarifiers and lagoons. | 30 yrs |
| Machinery & Equipment – Projects | Upgrades, rebuilds, partial replacements | Estimated Useful Life |
| Process Control Equip | Hardware and software used in the operations | 7 yrs |
| Licensed Mobile Equipment | Tractors, trailers, pickups, passenger vehicles, mobile radio systems<br>Rebuilt/Used | 7 yrs<br>4 yrs |

| Classification | Description | Life |
|---|---|---|
| Unlicensed Mobile Equipment | Forklifts, carriers<br>Bulldozer – Pulp Mill<br>Logging equipment – equipment designed to handle logs or build roads | 7 yrs<br>7 yrs<br>5 yrs |
| Tugboats | Hulls, engines, running gear, radio controls, rigging, etc. | 7 yrs |
| Office Furniture & Equipment | Desks, cabinets, chairs, portable partitions<br>Data processing equipment: personal computers, printers, copiers, fax machines, etc.<br>Software | 5 yrs<br>4 yrs<br>3 yrs. |

For tax reporting purposes, the company uses the MACRS method of depreciation for US reporting. For Canadian reporting, Canadian law provides an annual capital cost allowance (CCA) on undepreciated Capital Cost (UCC) - these Canadian CCA provisions have various class codes for categories of assets and each class code has a specific annual maximum allowance rate that can be applied to the UCC balance if a taxpayer so elects to claim an annual CCA deduction on its tax return. Inasmuch as the Debtors calculate depreciation and amortization monthly, the Schedules and Statements reflect a pro-rated amount of monthly depreciation and amortization through October 28, 2007.

(k) Property and equipment – leased. In the ordinary course of their businesses, the Debtors lease furniture, fixtures, and equipment from certain third-party lessors for use in the daily operations of their businesses. Any such leases are set forth in the Schedules and Statements. The property subject to such leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors. Nothing in the Schedules and Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues.

(l) Payments to Creditors and Insiders. On Statement of Financial Affairs 3b, the Debtors have not scheduled payments made to employees who may be deemed officers where the employees function in a purely ministerial role and have no material inside information.

(m) Interests in Subsidiaries. Pope & Talbot, Inc. owns directly or indirectly the fourteen subsidiaries and affiliates that are Debtors. Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or partnership interests. Each

Debtor's "Schedule B-Personal Property" lists such Debtor's ownership interests, if any, in subsidiaries and affiliates. For purposes of these Schedules and Statements, the Debtors have listed the value of such ownership interests on the basis of book value in the Debtors' accounting books and records. However, the book value of such ownership interests may differ significantly from the current market value.

(n) Financial Statements. Pope & Talbot, Inc. is a publicly held corporation whose common shares were listed on New York Stock Exchange (the "NYSE") under the symbol POP until October 3, 2007. As of this date, listing was moved to the "Pink Sheets." Pope & Talbot, Inc. therefore, files consolidated financial statements and records for the Debtors annually with the SEC. On September 9, 2007, Pope & Talbot, Inc. filed its most recent quarterly report on Form 10-Q with the SEC for the period ending June 30, 2007. Accordingly, the Debtors' Statements of Financial Affairs do not list the names of specific entities to which financial statements were provided in the year preceding the commencement of these chapter 11 cases.

(o) Schedule D.

(i) Except as otherwise agreed pursuant to a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument related to such creditor's claim.

(ii) In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Holders of secured claims by virtue of holding setoff rights against the Debtors are not included on Schedule D. To the extent that the Debtors are parties to capital leases, the Debtors have treated those leases as executory contracts, which may be shown on Schedule G. However, the Debtors reserve their rights to assert that such capital leases are secured financings, rather than unexpired leases.

(p) Schedule F. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule F are intended only to be a summary. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. The claims of individual creditors for, among other things, merchandise, goods, services or taxes are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F. All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected. Not all such claims are duplicated on Schedule F.

(q) Schedule G:

(i) The businesses of the Debtors are complex. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

(ii) The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge. Schedule G does not include stand alone purchase orders for goods or equipment or nondisclosure agreements. Schedule G does not include all of the Debtors' bid proposals entered into by the Debtors in the ordinary course of their business because the Debtors do not consider such documents to be executory contracts. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscella-

neous agreements. Such documents are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

(iii) The presence of a contract or agreement on this schedule does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on these Schedules.

(r) Statement of Financial Affairs. Both questions 3b and 23 in the statement of financial affairs request information regarding payments to insiders. The Debtors have listed expense reimbursements, gross wages and bonuses to their insiders in response to question 3b.

(s) Returns of Merchandise and Raw Materials. The Debtors in the ordinary course of their business either negotiate a price adjustment for the damaged, recalled and defective merchandise or return such merchandise to the manufacturer for credit which is in either Schedule F or B-16. The Debtors have not listed returns of damaged and defective merchandise in response to question 5 of the SOFA.

4. Claims. The Debtors' Schedules list creditors and set forth the Debtors' estimate of the number of claims of creditors as of the close of business on October 28, 2007. Payments have been made subsequently to certain claimants pursuant to Bankruptcy Court orders in the Debtors' cases. The Bankruptcy Court has authorized the Debtors, among other matters, to continue certain customer practices and programs; to pay prepetition wages, salaries, and employee benefits; to pay critical vendor claims; to pay prepetition trust fund, use, and other taxes; and to pay certain prepetition freight carrier and related charges. The Debtors have attempted to reflect these subsequent payments in the Schedules and Statements, but the actual unpaid claims of creditors may differ from the amounts set forth in the Schedules and Statements.

5. Employee Claims. The Bankruptcy Court entered a first day order (the "Employee Wages Order") granting authority to the Debtors to pay prepetition and postpetition employee wages, salaries, benefits, and other obligations for employees. Pursuant to such the Employee Wages Order, the Debtors believe that any employee claims for prepetition amounts either have been satisfied or are in the process of being satisfied. Accordingly, employee claims for amounts owing as of the end of the day on October 28, 2007 that have been paid or that are intended to be paid have not been included in the Schedules and Statements. The Debtors have, however, included severance obligations not paid to date in the Schedules and Statements.

6. Disputed, Contingent, and/or Unliquidated Claims. Schedules D, E, and F permit each of the Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these schedules as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors

reserve the right to dispute, or assert offsets or defenses to any claim reflected on these Schedules as to nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent or unliquidated.

7. Insurance. Pope & Talbot, Inc. maintains general liability insurance policies, and various other insurance policies, on behalf of all the Debtors. A listing of all such insurance policies is set forth on each Debtor's Schedule B9.

8. Inventory. The Debtors routinely perform manual counts of their inventory, and record the results of such manual counts through cycle count sheets. In the event of a discrepancy, the Debtors recount and perform a book adjustment for such recount results. The Debtors have provided the book value of inventory as of October 28, 2007 on the Schedule of Assets and Liabilities. Inventory values set forth on the Schedules of Assets and Liabilities are at cost.

9. Global Notes Control. In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

Pope & Talbot Lumber Sales, Inc.

Debtor

Case No. 07 - 11740 (CSS)
Jointly Administered
Chapter 11

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-16 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 17-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(31).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 1. Income from Employment or Operation of Business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)

None ☐

| AMOUNT | SOURCE | PERIOD |
|---|---|---|
| $ 42,065,405 | Gross Revenues | 01/01/2007-10/28/2007 |
| 63,895,114 | Gross Revenues | 01/01/2006-12/31/2006 |
| 61,913,679 | Gross Revenues | 01/01/2005-12/31/2005 |

**General Note:**
[1] The Company acquires all lumber from the Canadian lumber mills that are imported into the U.S. and holds the lumber for sale at various vendor managed locations.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 2. Income Other than from Employment or Operation of Business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars.

None ☑

| AMOUNT | SOURCE | PERIOD |
| --- | --- | --- |
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 3. Payments to Creditors

None ☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID |
|---|---|---|
| | | |

None ☑

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID |
|---|---|---|
| | | |

**Note:**
[1] Payments to insiders were made out of Pope & Talbot, Inc. Case No. 07-11738 (CSS). Refer to Statement 3b of Pope and Talbot, Inc. for a detailed listing of corporate insider payments made within one year immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments

None ☑

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

None ☑

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 5. Repossession, Foreclosures and Returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE, TRANSFER, OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 6. Assignments and Receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| | | |

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

| NAME AND ADDRESSES OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 7. Gifts

None ☑ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| | | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND IF LOSS WAS RECOVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 9. Payments Related to Debt Counseling or Bankruptcy

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE[1] | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

**Note:**
[1] All payments relating to debt counseling and bankruptcy have been made by Pope & Talbot, Inc. or Pope & Talbot, Ltd. Refer to Pope & Talbot, Inc. Case No. 07-11738 (CSS) and Pope & Talbot, Ltd. Case No. 07-11746 (CSS).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 10. Other Transfers

None ☑

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 11. Closed Financial Accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE |
|---|---|
| | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 12. Safe Deposit Boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

| NAME AND ADDRESSES OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| | | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 13. Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 14. Property Held for Another Person

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 15. Prior Address of Debtor

None ☑

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

| ADDRESS | NAME USED | DATE OF OCCUPANCY |
|---|---|---|
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

None ☑

| NAME |
| --- |
| |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil;, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS[1] | NAME AND ADDRESS OF GOVERNNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS[1] | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT[1] | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

**Note:**
[1] Refer to Statement 17 of the Statement of Financial Affairs for Pope & Talbot Inc., Case No. 07 - 11738 (CSS) and Pope & Talbot, Ltd., Case No. 07-11746 for listings of the known environmental matters.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 18. Nature, Location and Name of Business

a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner, or owned 5% or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

None ☑

| NAME | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|---|---|---|---|
| | | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 19. Books, Records and Financial Statements

a. List all bookkeepers and accountants who within the six years immediately preceeding the filing of this bankruptcy case kept or supervised the keeping of the books.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| Neil Stuart<br>1500 SW First Avenue, Ste 200<br>Portland, OR 97201 | Chief Financial Officer | 12/05/2006 - Present |
| Maria Pope<br>1717 SW Elm Street<br>Portland, OR 97201 | Chief Financial Officer<br>Interim Chief Financial Officer | 05/16/1999 - 12/15/2003<br>06/16/2006 - 12/05/2006 |
| Richard Atkinson<br>19735 Oak Grove Avenue<br>Prior Lake, MN 55372 | Chief Financial Officer | 12/15/2003 - 06/16/2006 |
| Laury Cooper<br>1500 SW First Avenue, Ste 200<br>Portland, OR 97201 | Secretary | 12/23/2005 - Present |
| Gerald Brickey<br>141 Grandview Terrace<br>Longview, WA 97632 | Secretary | 06/15/1998 - 12/23/2005 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 19. Books, Records and Financial Statements

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| KPMG, LLP<br>1300 SW Fifth Ave<br>Ste 3800<br>Portland, OR 97201 | Auditor | 12/31/2002 - Present |

**Note:**
[1] The audits for 2005 and 2006 were conducted as part of the consolidated audit for Pope & Talbot, Inc., by KPMG, LLP. Refer to Pope & Talbot, Inc., Case No. 07 - 11738 (CSS).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 19. Books, Records and Financial Statements

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| Neil Stuart<br>1500 SW First Avenue, Suite 200<br>Portland, OR 97201 | Chief Financial Officer | 12/05/2006 - Present |
| Laury Cooper<br>1500 SW First Avenue, Suite 200<br>Portland, OR 97201 | Secretary | 12/23/2005 - Present |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 19. Books, Records and Financial Statements

None ☑

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by a debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| | |

**Note:**
[1] Generally, in the ordinary course, the Debtor's financial information is consolidated as part of Pope & Talbot, Inc., which may have been provided to certain regulatory agencies, banks, customers, suppliers, rating agencies and various other interested parties.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 20. Inventories

None ☐

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY [1] | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
| 9/27/2007: Blue Link Pensacola, FL | Art Parker | $ 407,162 |
| 9/26/2007: Blue Link Memphis, TN | Art Parker | 206,202 |
| 9/25/2007: Blue Link Nashville, TN | Art Parker | 406,309 |

None ☐

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY [1] | CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| See Above | Art Parker |

**Note:**
[1] The inventory for the Debtor was maintained at 39 different locations with a value of approximately $5.9 million as of 9/30/2007 and $0 as of 12/15/2007. Physical inventory counts took place in 2007 at the above three locations.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 21. Current Partners, Officers, Directors and Shareholders

None ☑

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| | | |

None ☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting securities of the corporation.

| OFFICER'S NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK |
|---|---|---|
| Pope & Talbot Inc.<br>1500 SW First Avenue, Ste 200<br>Portland, OR 97201 | Holding Company | 100% |
| Harold Stanton<br>1500 SW First Avenue, Ste 200<br>Portland, OR 97201 | Chief Executive Officer & Director | 0% |
| R. Neil Stuart<br>1500 SW First Avenue, Ste 200<br>Portland, OR 97201 | Vice President & Chief Financial Officer | 0% |
| Laury L. Cooper<br>1500 SW First Avenue, Ste 200<br>Portland, OR 97201 | Secretary | 0% |
| John Shephard<br>1500 SW First Avenue, Ste 200<br>Portland, OR 97201 | Assistant Secretary | 0% |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 22. Former Partners, Officers, Directors and Shareholders

None ☑

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| | | |

None ☐

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Michael Flannery<br>1505 Lake Front Road<br>Lake Oswego, OR 97034 | CEO & Director | 06/30/2007 |
| Maria Pope<br>1717 SW Elm Street<br>Portland, OR 97201 | President & CFO | 07/01/2007 |
| Aaron Anderson<br>1535 SW Upper Hall<br>Portland, OR 97201 | Vice President & Director | 10/10/2007 |
| DeeAnn Lindsley<br>14100 NE 172nd Avenue<br>Brush Prairie, WA 98606 | Assistant Secretary | 10/05/2007 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 23. Withdrawals from a Partnership or Distributions by a Corporation

None ☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| OFFICER'S NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 24. Tax Consolidation Group

None ☐

List the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| PARENT CORPORATION | FEDERAL TAX ID NUMBER | CONSOLIDATED GROUP | SUBSIDIARY TAX ID |
|---|---|---|---|
| Pope & Talbot, Inc | 94-0777139 | Pope & Talbot Pulp Sales U.S. Inc. | 93-1252041 |
| | | Pope & Talbot Lumber Sales U.S. Inc. | 93-1297029 |
| | | Penn Timber, Inc. | 93-0727380 |
| | | Pope & Talbot Relocation Services Inc. | 93-1029015 |
| | | P&T Power Company | 93-1222710 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

## 25. Pension Funds

None ☑

List the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME | FEDERAL TAX ID NUMBER |
|---|---|
| | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Pope & Talbot Lumber Sales, Inc.
Case No. 07 - 11740 (CSS)

# DECLARATION CONCERNING DEBTOR'S STATEMENTS

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, R. Neil Stuart, Vice President and Chief Financial Officer of Pope & Talbot Lumber Sales, Inc., named as the debtor in these cases, declare under penalty of perjury that I have read the forgoing Statement of Financial Affairs, consisting of **30** sheets, and that it is true and correct to the best of my knowledge, information, and belief.

R. Neil Stuart — Signature

1/4/08 — Date

*The penalties for making a false statement of concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. Secs. 152 and 3571.*