UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pope & Talbot, Inc., et al.[1],<br><br>                                                    Debtors.  | Bk. No. 07-11738-CSS<br>(Jointly Administered) |
| George L. Miller, Chapter 7 Trustee for the Bankruptcy Estates of Pope & Talbot, Inc., et al.,<br><br>                                                    Plaintiff,<br><br>vs.<br><br>Woodford Construction Company, Inc.,<br><br>                                                    Defendant. | Chapter 7<br><br>Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 502 AND TO RECOVER
PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Pope & Talbot, Inc., et al. (the "Plaintiff"), by its undersigned attorneys, in support of this complaint (the "Complaint") to avoid and recover transfers against Woodford Construction Company, Inc. (the "Defendant"), hereby alleges upon information and belief that:

**NATURE OF THE CASE**

1. This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by Pope & Talbot, Inc., et al. (the "Debtors") during the ninety-day (90) period prior to the filing of the Debtors' bankruptcy petitions pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, the Complaint also seeks to recover pursuant to 11 U.S.C. §549 any transfers on account of pre-petition debt that

---

[1] The Debtors in these proceedings are: Pope & Talbot, Inc.; Penn Timber, Inc.; Pope & Talbot Lumber Sales, Inc.; Pope & Talbot Pulp Sales U.S., Inc.; Pope & Talbot Relocation Services, Inc.; Pope & Talbot Spearfish Limited Partnership; P&T Power Company; Mackenzie Pulp Land Ltd.; Pope & Talbot Ltd.; P&T Factoring Limited Partnership; P&T Finance One Limited Partnership; P&T Finance Three LLC; P&T Finance Two Limited Partnership P&T Funding Ltd.; and P&T LFP Investment Ltd. Partnership, each with a mailing address of 1500 SW First Avenue, Suite 200, Portland, Oregon 97201 (collectively, the "Debtors").

cleared post-petition and pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' or the Debtors' chapter 7 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION

2.This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to cases under Title 11, in the United States Bankruptcy Court for the District of Delaware, Case No. 07-11738, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547, 548, 549 and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4.Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1408.

## BACKGROUND

5.On November 19, 2997 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the Bankruptcy Court for the District of Delaware (the "Court"). On May 8, 2008, the Debtors filed a motion with the Court to convert their chapter 11 cases to chapter 7 cases (the "Chapter 7 Cases") and an order converting the chapter 11 cases to the Chapter 7 Cases was entered on May 9, 2008. The Office of the United States Trustee appointed Plaintiff as the Chapter 7 Trustee for the Debtors on or about May 9, 2008. Plaintiff is duly appointed Chapter 7 Trustee and is authorized to commence adversary actions on behalf of the Debtors' Chapter 7 Cases.

6.Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of South Dakota.

# CLAIMS FOR RELIEF

## COUNT 1

**(Avoidance of Preference Transfers - 11 U.S.C. § 547)**

7. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

8. On or within ninety (90) days before the Petition Date, that is between August 21, 2007 and November 19, 2007 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

9. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all the transfers of an interest of the Debtors' property made by one or more of the Debtors to Defendant within the Preference Period.

10. Plaintiff has determined that one or more of the Debtors made transfers to Defendant during the Preference Period in an amount not less than $42,174.61 (the "Transfers"). Attached hereto as "Exhibit A" and incorporated herein by this reference is a list of Transfers presently known to Plaintiff.

11. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544, §545, §548 and §549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

12. Defendant was a creditor of the one or more of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

13. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant.

14. The Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made.

15. The Debtors were insolvent at all times during the ninety (90) days prior to the Petition Date.

16. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

17. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

**(To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))**

18. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

19. To the extent that one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods subsequently received, one or more of the Debtors did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A. One or more of the Debtors were insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

    B. One or more of the Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with one or more of the Debtors was an unreasonably small capital; or

    C. One or more of the Debtors intended to incur, or believed that one or more of the Debtors would incur, debts that would be beyond one or more of the Debtors' ability to pay as such debts matured.

20. The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### COUNT III

**(To Recover Post Petition Transfers Pursuant to 11 U.S.C. § 549)**

21. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

22. To the extent that the Debtors made a transfer to Defendant on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post Petition Transfers") and are avoidable under 11 U.S.C. § 549.

### COUNT IV

**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

23. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

24. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post Petition Transfers under 11 U.S.C. § 549. The Transfers, any Potentially Fraudulent Transfers and any Post Petition Transfers are collectively referred to herein as "All Avoided Transfers."

25. Defendant was the initial transferee of the All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

26. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

### COUNT V

**(Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))**

27. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

28. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

29. Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549.

30. Defendant has not paid the amount of the All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

31. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff must be disallowed until such time as Defendant pays

to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

32. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff previously allowed by the Debtors or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the All Avoided Transfers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through V, that the Court enter a judgment against Defendant:

A. That All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549 in the amount of $42,174.61 be avoided;

B. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547, 548 and/or 549, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Disallowing, in accordance with 11 U.S.C. § 502 (d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D. Disallowing, in accordance with 11 U.S.C. § 502 (j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff ;

H. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 13, 2009

Local Counsel

By     /s/  *John T. Carroll, III*
John T. Carroll, Esq.  DE 4060
COZEN O'CONNOR
1201 North Market Street, Suite 1400
Wilmington, DE 19801
**Telephone:** (302) 295-2028   Fax: (302) 295-2013

and

Primary Counsel
(Please Contact Primary Counsel)

Joseph L. Steinfeld, Jr., DC SBN 297101,
MN SBN 0266292, VA SBN 18666
Gary D. Underdahl, MN SBN 0301693
A·S·K FINANCIAL LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
**Telephone:** (651) 406-9665   ext. 857   **Fax:** (651) 406-9676
**E-Mail:** gunderdahl@askfinancial.com

Attorneys For Plaintiff, George L. Miller, Chapter 7 Trustee for the Bankruptcy Estates of Pope & Talbot, Inc., et al.

-7-     COMPLAINT

PTI - Woodford Construction Company, Inc. - -CSS -     F:\WP\MM\PTI\SUIT\S1\C-WOO002.WPD / 13Nov09, 13:01